PER CURIAM.
In the September 7, 1982 primary election, Thomas Armstrong won the Democratic nomination for District 96 State Representative. The first count of the computer ballots showed that Armstrong received 18 more votes than did appellant, John Adams. The recount mandated by Section 102.141(4), Florida Statutes revealed two additional votes for Armstrong and five additional votes for appellant. Thus, appellant lost this race by 15 votes.
Ten days after the County Canvassing Board certified the election results, appellant filed in circuit court a pleading, pro se, styled “Request to Contest Election Results,” which purports to be a complaint filed pursuant to Section 102.168, Florida Statutes, Contest of Elections. The trial court dismissed the complaint with prejudice. We affirm.
Appellant argues here that he is entitled to a hand count of the computer ballots, because the different totals of the two counts demonstrates that the count was unreliable. In his complaint, however, appellant did not pray for a hand count of the ballots. Rather, he asked the trial court to estimate the cost of such a hand count so that he could determine whether or not to later ask for a hand count. Appellant has not directed our attention to any provision of Title IX, Electors and Elections, which authorizes such relief.
Appellant has also failed to state a cause of action for inclusion of 17 absentee ballots which were rejected by the Canvassing Board. His complaint states:
*35 [Although it is expected that many of these were for valid reasons, it is suggested that in the event a recount by hand should bring about á change of the results which could be effected by the inclusion of some of these rejected ballots, it is necessary to so note at the time of this contest.
The county Canvassing Board may reject absentee ballots for a defect on the face of the Voter’s Certificate, Section 101.68(2); because the elector returned to his home county and voted in his precinct, Section 101.69; because the ballot was received by the supervisor after 7:00 P.M. on the day of the election, Section 101.67; or for other reasons. With no allegation of fact to support his assertion that “some” of these ballots were improperly rejected, and if counted, “might” change the result, the trial court properly dismissed the complaint. Part of the purpose of the protest and contest provisions of the election code is to effect a speedy resolution of such conflicts, with minimal disruption of the electoral process.
AFFIRMED.
LETTS, C.J., and ANSTEAD and DELL, JJ., concur.